**Getnick & Getnick LLP**
Counsellors at Law
521 Fifth Avenue, 33rd Floor
New York, NY 10175

--

(212) 376-5666 (Telephone)
(212) 292-3942 (Telefax)
e-mail: mfinerty@getnicklaw.com
www.getnicklaw.com

October 30, 2014

Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re:    United States and States *ex. rel.* Paez v. Landauer Metropolitan, Inc., *et al.*,
               12 Civ. 6384 (AJN)

Dear Judge Nathan:

This firm represents Plaintiff/Relator George Paez ("Relator") in the above-referenced action. Pursuant to your Honor's May 14, 2014 Order filed in the above captioned case[1] granting Relator's motion to stay proceedings as to the allegations in the Complaint other than those on which the United States has intervened,[2] we are writing to update the Court on the status of the Defendants' Chapter 11 bankruptcy matter, and to request that the case before your Honor remain on suspense.[3]

Defendant Landauer Metropolitan, Inc., and its affiliates (collectively, "Defendant/Debtor"), filed petitions under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware on August 16, 2013. On March 13, 2014,

---

[1] Docket No. 15.
[2] On February 7, 2014, the Court issued an order that stayed this action with respect to the claims on which the United States intervened (Docket No. 7).
[3] The case caption in Defendants' bankruptcy matter has changed from *In re Landauer Healthcare Holdings, Inc., et. al.* to *In re: LMI LEGACY HOLDINGS, INC., et al.* The case number in the United States Bankruptcy Court for the District of Delaware remains unchanged: Case No. 13-12098 (CSS).

Defendant/Debtor filed the *Joint Plan of Liquidation of LMI Legacy Holdings Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, and that Plan of Liquidation ("Plan"), after undergoing revisions, was confirmed by the Bankruptcy Court on April 28, 2014. The Plan became effective on May 1, 2014.

Pursuant to the Plan, a Liquidating Supervisor was appointed to use the Defendant/Debtor's cash on hand[4] to satisfy Allowed Administrative and Priority Claims and wind-down Defendant/Debtor's operations. After that is accomplished the Liquidating Supervisor is to turn over any remaining cash to the General Unsecured Creditors' ("GUC") Trustee for deposit into the GUC Trust for ultimate distribution to holders of allowed general unsecured claims.[5] Under the Plan, both the Liquidating Supervisor and the GUC Trustee have claims administration responsibilities, and each has authority to file objections to Proofs of Claim filed against the Defendant/Debtor.

The official claims register in the case reflects more than 350 Proofs of Claim that have been filed in these Chapter 11 cases. The Defendant/Debtor, the Liquidating Supervisor and the GUC Trustee have been reviewing these claims, and motions objecting to some of them have been filed and granted by the Bankruptcy Court. The GUC Trustee is also pursuing the GUC Trust causes of action. The Liquidating Supervisor and the GUC Trustee have requested that the Bankruptcy Court allow them additional time to carry out their duties under the Plan, and have requested an extension of the claims objection deadline to April 27, 2015. A hearing on this motion is requested for December 4, 2014.

---

[4] In connection with the sale the Defendant/Debtor's received $700,000 in cash to wind-down the Chapter 11 cases.
[5] The GUC Trust was formed to benefit Defendant/Debtor's general unsecured creditors pursuant to a trust agreement among the Defendant/Debtor, a nominee of the Official Committee of Unsecured Creditors ("Committee") designated as the GUC Trustee, and the Committee. The GUC Trust was funded by Quadrant Management, Inc. pursuant to terms of the Settlement Agreement dated September 25, 2013.

Hon. Alison J. Nathan
October 30, 2014
Page 3 of 3

Relator, the United States, the State of New York and the Commonwealth of Massachusetts, each have active claims pending in the bankruptcy case.

Since the bankruptcy matter is ongoing, we ask that your Honor continue the above captioned matter on suspense for the reasons set forth in our motion to stay[6] and supporting memorandum of law[7] filed with the Court on March 10, 2014, including avoiding a waste of judicial and party resources, and avoiding potential conflicting judicial decisions.

We have conferred with counsel representing the United States, the State of New York, and the Commonwealth of Massachusetts, and they all consent to Relator's request that this matter remain on suspense.[8]

Thank you for the opportunity to update your Honor on the status of the bankruptcy proceeding. We will be happy to provide any additional information or to answer any questions that you may have.

Yours truly,

GETNICK & GETNICK LLP

By: _____
Margaret J. Finerty

521 Fifth Avenue, 33rd Floor
New York, NY 10175
Phone: (212) 376-5666
E-mail: mfinerty@getnicklaw.com
*Counsel for* Qui Tam *Plaintiff/Relator*
*George Paez*

---

[6] Docket No. 13
[7] Docket No. 14.
[8] In addition to the United States, only the State of New York and the Commonwealth of Massachusetts have filed a notice of partial intervention in this case. Connecticut, Maryland, New Hampshire, New Jersey, Rhode Island, Virginia and the District of Columbia have decided not to intervene at all in this case.