Getnick & Getnick LLP
Counsellors at Law
521 Fifth Avenue
33rd Floor
New York, NY 10175
--
(212) 376-5666 (Telephone)
(212) 292-3942 (Telefax)
e-mail: mfinerty@getnicklaw.com
www.getnicklaw.com

October 9, 2018

Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

    Re:    <u>United States and States *ex. rel.* Paez v. Landauer Metropolitan, Inc. *et al.*,
12 Civ. 6384 (AJN)
Status Letter and Motion to Approve Settlement Agreements</u>

Dear Judge Nathan:

    This firm represents Plaintiff/Relator George Paez ("Relator") in the above-referenced action. On May 14, 2014, your Honor (i) granted Relator's first motion to stay proceedings as to the allegations in the Complaint other than those on which the United States has intervened,[1] in light of Defendant Landauer Metropolitan, Inc.'s, and its affiliates' (collectively, "Defendant/Debtor") Chapter 11 Bankruptcy case pending in the United States Bankruptcy Court for the District of Delaware, and (ii) ordered Relator to submit semi-annual letters as to the status of the Defendant/Debtor's bankruptcy proceeding.[2] Since that time your Honor has granted several subsequent Relator motions for the matter to stay on suspense during the

---

[1] On February 7, 2014, the Court issued an order that stayed this action with respect to the claims on which the United States intervened (Docket No. 7).
[2] Docket No. 15

pendency of that Chapter 11 Bankruptcy case, and the Relator has submitted semi-annual letters regarding the status of the bankruptcy proceeding as ordered by the Court on the granting of each motion. On April 24, 2018 Relator filed the eighth status report with the Court.[3] On April 24, 2018 the Court granted Relator's unopposed request that this matter remain on suspense, and ordered Relator to submit the next semi-annual letter regarding the status of the bankruptcy proceeding on or before October 24, 2018.[4] Pursuant to that Order, we are writing to update the Court on the status of the Defendant/Debtor's bankruptcy matter, and to request that your Honor grant our motion to approve the stipulation and order of settlement and release agreements between the Relator and the United States, New York and Massachusetts ("FCA Settlement Agreements"), each of which is attached hereto.

BANKRUPTCY CASE BACKGROUND

Defendant/Debtor filed petitions under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware on August 16, 2013.[5] On March 13, 2014, Defendant/Debtor filed the *Joint Plan of Liquidation of LMI Legacy Holdings Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, and the *Disclosure Statement for the Joint Plan of Liquidation of LMI Legacy Holdings Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*. The Disclosure Statement was approved, and the Plan of

---

[3] Docket No. 46
[4] Docket No. 48
[5] The case caption in Defendants' bankruptcy matter originally changed from *In re Landauer Healthcare Holdings, Inc., et. al.* to *In re: LMI LEGACY HOLDINGS, INC., et al.* On December 1, 2015, the Bankruptcy Court ordered the Subsidiaries' cases to be closed (Case Numbers 13-12099 through 13-12105) and that any remaining matters pertaining to the Debtors that remain open after the date of the Order (e.g., motions, contested matters and adversary proceedings) or that are opened after that date, be administered under the remaining case of LMI Legacy Holdings, Inc., Case No. 13-12098 (CSS). [Docket no. 1103].

Liquidation ("Plan") was confirmed,[6] by the Bankruptcy Court on April 28, 2014. The Plan became effective on May 1, 2014. On April 6, 2016, the GUC Trustee filed the *Second Omnibus Objection to False Claims Act Claims [Substantive]* ("Objection").[7] This Objection pertains to claims filed by the United States of America, the State of New York, and the Commonwealth of Massachusetts, arising from the above captioned *Qui Tam* False Claims Act case the Relator filed with this Court. The GUC Trustee claimed, among other things, that the False Claims Act ("FCA") Claims filed in the Bankruptcy Court case by the United States of America, New York and Massachusetts, seek to recover penalty claims that are disallowed under the Plan of Liquidation, and furthermore, that several of the FCA Claims are duplicative. The GUC Trustee was seeking an order from the Bankruptcy Court disallowing and reducing penalty and treble damage portions of the FCA Claims and disallowing and expunging duplicate FCA Claims. On April 16, 2018, the GUC Trustee filed the *Eighth Motion of the LMI GUC Trustee To Extend The Deadline To Object To Claims*,[8] seeking an extension date of October 12, 2018. As part of the basis for his application, the GUC Trustee stated " . . . the GUC Trustee filed the False Claims Objection seeking disallowance of approximately $160 million in claimed penalties and treble damages relating to certain false claims act claims. The False Claims Objection remains pending and the parties are currently engaged in discussions regarding a potential resolution of that Objection." The GUC Trustee also filed on April 16, 2018 the *Tenth Motion of the LMI GUC Trustee for an Order extending the period within which the LMI GUC Trustee may remove Actions Pursuant to 28 U.S.C. §1452 and Federal Rules of Backruptcy Procedure 9006 and*

---

[6] The Plan and the Disclosure Statement each underwent revisions prior to confirmation and approval.
[7] Docket No. 1139
[8] Docket No. 1260

*9027*, seeking an extension date of October 12, 2018.[9]

## NEW INFORMATION SINCE LAST STATUS REPORT

Relator, the United States of America, the State of New York and the Commonwealth of Massachusetts, each have entered into settlement agreements with the GUC Trustee to resolve their respective claims that were filed in the bankruptcy case, and those agreements were approved by order of the Bankruptcy Court on September 4, 2018.[10] As part of those agreements, the Relator, the United States, New York and Massachusetts will file papers with this Court to dismiss the *Qui Tam* False Claims Act action. The parties will be filing those dismissal papers in the near future.

## RELATOR REQUESTS THAT THE COURT APPROVE THE SETTLEMENT AGREEMENTS BETWEEN RELATOR AND THE UNITED STATES, NEW YORK AND MASSACHUSETTS

Relator has entered into the FCA Settlement Agreements with the United States, the State of New York, and the Commonwealth of Massachusetts in connection with this *Qui Tam* False Claims Act case. Relator believes that the FCA Settlement Agreements are fair, adequate and reasonable and hereby moves the Court for an Order approving each of these FCA Settlement Agreements, which are attached to this letter motion, and which have been signed by the relevant parties.

We have conferred with counsel representing the United States of America, the State of New York, and the Commonwealth of Massachusetts, and each consents to Relator's request

---

[9] Docket No. 1261
[10] Docket No. 1278

Hon. Alison J. Nathan
October 9, 2018
Page 5 of 5

that these Settlement Agreements be approved.[11]

We thank the Court for allowing the parties the time needed to resolve the Bankruptcy Court matter. We are happy to provide additional information and to answer any questions you may have.

Yours truly,

GETNICK & GETNICK LLP

By: _____
Margaret J. Finerty

521 Fifth Avenue
33rd Floor
New York, NY 10175
Phone: (212) 376-5666
E-mail: mfinerty@getnicklaw.com

*Counsel for* Qui Tam *Plaintiff/Relator George Paez*

---

[11] In addition to the United States, only the State of New York and the Commonwealth of Massachusetts have filed a notice of partial intervention in this case. Connecticut, Maryland, New Hampshire, New Jersey, Rhode Island, Virginia and the District of Columbia have decided not to intervene in this case.