**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x

UNITED STATES OF AMERICA, STATES OF
CONNECTICUT, MARYLAND, NEW
HAMPSHIRE, NEW JERSEY, NEW YORK and
RHODE ISLAND, COMMONWEALTHS OF
MASSACHUSETTS and VIRGINIA, and the
DISTRICT OF COLUMBIA *ex rel.* GEORGE
PAEZ,

        Plaintiffs,

v.

LANDAUER METROPOLITAN, INC., A&J
CARE, INC., AMERICAN HOMECARE
SUPPLY, LLC, COPD SERVICES, INC.,
DENMARKS HOME MEDICAL EQUIPMENT,
INC., GENOX HOMECARE, INC., HOME
CARE SERVICES, INC., LOW SURGICAL
AND MEDICAL SUPPLY, INC., MID-
ATLANTIC HEALTHCARE, INC., MILLER
MEDICAL AND RESPIRATORY, INC.,
VANGUARD SERVICES CORP. D/B/A
VANGUARD HOME MEDICAL EQUIPMENT
AND RESPIRATORY, and YOUNG'S
MEDICAL EQUIPMENT, INC.,

        Defendants.

------------------------------------x

UNITED STATES OF AMERICA, STATE OF
NEW YORK and COMMONWEALTH OF
MASSACHUSETTS,

        Plaintiff-Intervenors,

v.

LANDAUER METROPOLITAN, INC., A&J
CARE, INC., AMERICAN HOMECARE



12 Civ. 6384 (AJN)

**STIPULATION AND ORDER OF**
**SETTLEMENT AND RELEASE**
**BETWEEN THE**
**COMMONWEALTH OF**
**MASSACHUSETTS AND**
**RELATOR**

SUPPLY, LLC, COPD SERVICES, INC., :
DENMARKS HOME MEDICAL EQUIPMENT, :
INC., GENOX HOMECARE, INC., HOME :
CARE SERVICES, INC., LOW SURGICAL :
AND MEDICAL SUPPLY, INC., MID- :
ATLANTIC HEALTHCARE, INC., MILLER :
MEDICAL AND RESPIRATORY, INC., :
VANGUARD SERVICES CORP. D/B/A :
VANGUARD HOME MEDICAL EQUIPMENT :
AND RESPIRATORY, and YOUNG'S :
MEDICAL EQUIPMENT, INC., :

          Defendants.       x

----------------------------------------

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Settlement Stipulation") is entered into between the Commonwealth of Massachusetts ("Massachusetts"), by its attorney Maura Healey, Attorney General for Massachusetts, and relator George Paez ("Relator"), through their authorized representatives (collectively the "Parties");

WHEREAS, on or about August 21, 2012, Relator initiated this action by filing a complaint under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, Massachusetts False Claims Act, Mass. Gen. L. Ch. 12, § 5 *et seq.*, and other state laws, alleging that Defendants had engaged in various fraudulent practices in connection with billing Medicare and Medicaid for durable medical equipment ("DME") and related services;

WHEREAS, on or about August 16, 2013, certain of the twelve Defendants filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (*see In re: Landauer Healthcare Holdings, Inc.*, 13-12098 (D. Del.); *In re: Landauer-Metropolitan, Inc.*, 13-12099 (D. Del.); *In re: Miller Medical & Respiratory, Inc.*, 13-12100 (D. Del.); *In re: COPD Services, Inc.*, 13-

12101 (D. Del.); *In re: American Homecare Supply New York, LLC*, 13-12102 (D. Del.); *In re: American Homecare Supply Mid-Atlantic LLC*, 13-12103 (D. Del.); *In re: Denmark's LLC*, 13-12104 (D. Del.); *In re: Genox Homecare, LLC*, 13-121-5 (D. Del.) (collectively, the "Bankruptcy Matters")), and the other defendants ceased business operations around the same time;

WHEREAS, on or about February 27, 2014, Massachusetts filed a notice of partial intervention (the "Massachusetts Intervention Notice") in this matter as against all Defendants, specifically as to Relator's allegation that Defendants violated the Massachusetts False Claims Act by submitting false claims to the Medicare and Medicaid programs for DME purportedly provided to beneficiaries who were, in fact, deceased (the "Covered Conduct");

WHEREAS, on or about February 12, 2014, Massachusetts filed a proof of claim in each of the Bankruptcy Matters (the "Massachusetts Bankruptcy Claim"), asserting damages and penalties under the Massachusetts False Claims Act for the Covered Conduct;

WHEREAS, on or about September 4, 2018, Honorable Christopher Sontchi, the Judge presiding over the Bankruptcy Matters, issued an Order granting a motion to approve a stipulation of settlement (the "Settlement Agreement") filed by Massachusetts and the Chapter 11 Liquidating Trustee on behalf of the Defendants (the "Trustee") in the Bankruptcy Court, which provides for a cash payment of $21,247.56 (the "Settlement Amount") to be paid by the Trustee to Massachusetts as full satisfaction of the United States Bankruptcy Claim;

WHEREAS, the Relator has asserted that, pursuant to Mass. Gen. L. Ch. 12 § 5F(1), he is entitled to receive a portion of the Settlement Amount paid to Massachusetts (the "Relator's Claim"); and

WHEREAS, the Parties hereto mutually desire to reach a full and final compromise of the Relator's Claim for a portion of the Settlement Amount paid by the Trustee to Massachusetts, pursuant to the terms set forth below,

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Settlement Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by Massachusetts of the Settlement Amount, and within a reasonable time period thereafter, Massachusetts will pay $4,886.94 (the "Relator's Share") to the Relator. Massachusetts shall pay the Relator's Share by electronic funds transfer or check. Massachusetts' obligation to pay the Relator's Share is expressly conditioned on, and arises only with, the receipt by Massachusetts of the Settlement Amount as set forth in the Settlement Agreement. In the event that Massachusetts does not receive any portion of the Settlement Amount, Massachusetts shall have no obligation to pay the Relator's Share to the Relator.

2. Relator agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not object to the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to Mass. Gen. L. Ch. 12 § 5D(3), and expressly waives the opportunity for a hearing on any such objection, pursuant to Mass. Gen. L. Ch. 12 § 5D(3).

3. Conditioned upon Relator's receipt of the Relator's Share, Relator, for himself and his heirs, successors, attorneys, agents and assigns, releases and is deemed to have released and forever discharged Massachusetts and its agencies, officers, employees, servants, and agents, from any claims pursuant to Mass. Gen. L. Ch. 12 § 5F for a share of the Settlement Amount, and from any and all claims against Massachusetts, and its agencies, officers, employees,

servants, and agents, arising from or relating to the allegations asserted by the Relator in this action or the Covered Conduct. In the event the Trustee does not pay the Settlement Amount, and as a result the Relator does not receive the Relator's Share, the Relator reserves his right pursuant to Mass. Gen. L. Ch. 12 § 5F(1) to seek a portion of any proceeds recovered by Massachusetts in this matter.

4. This Relator Settlement Stipulation does not resolve or in any manner affect any claims Massachusetts has or may have against Relator arising under the tax laws of Massachusetts, or any claims arising under this Relator Settlement Stipulation.

5. This Relator Settlement Stipulation shall be null and void if the Settlement Agreement is voided, including if a court holds that the Settlement Agreement is not fair, adequate, and reasonable pursuant to Mass. Gen. L. Ch. 12 § 5D(3).

6. This Relator Settlement Stipulation shall inure to the benefit of and be binding on only the Parties, their successors, assigns, and heirs.

7. This Relator Settlement Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Settlement Stipulation shall be governed by the laws of Massachusetts. Massachusetts and the Relator agree that the exclusive jurisdiction and venue for any dispute arising under this Stipulation shall be the Superior Court in Massachusetts.

9. This Relator Settlement Stipulation constitutes the entire agreement of Massachusetts and Relator with respect to the subject matter of this Relator Settlement Stipulation and may not be changed, altered, or modified, except by a written agreement signed by Massachusetts and Relator specifically referring to this Relator Settlement Stipulation.

10. This Relator Settlement Stipulation is effective on the date that it is entered by the Court.

11. This Relator Settlement Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: Boston, Massachusetts
September 20, 2018

MAURA HEALEY
Attorney General of the
Commonwealth of Massachusetts

*Attorney for Plaintiff-Intervenor*
*Commonwealth of Massachusetts*

By: _____
IAN R. MARINOFF
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
Telephone No. (617) 963-2550.
ian.marinoff@state.ma.us

Dated: ~~September~~ New York, 2 2018 *(October)*, New York    Relator

                           _____
                           GEORGE PAEZ


Dated: New York, New York    *Attorney for Relator*
~~September~~ *October* 2, 2018

                           By: _____
                           MARGARET J. FINERTY, ESQ.
                           Getnick & Getnick LLP
                           521 Fifth Avenue, 33rd Floor
                           New York, NY 10175
                           Telephone No. (212) 376-5666
                           mfinerty@getnicklaw.com


SO ORDERED:

_____
THE HONORABLE ALISON J. NATHAN
United States District Judge


Date: 11/15/18

7