**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x

UNITED STATES OF AMERICA, STATES OF
CONNECTICUT, MARYLAND, NEW
HAMPSHIRE, NEW JERSEY, NEW YORK and
RHODE ISLAND, COMMONWEALTHS OF
MASSACHUSETTS and VIRGINIA, and the
DISTRICT OF COLUMBIA *ex rel.* GEORGE
PAEZ,

        Plaintiffs,

    v.

LANDAUER METROPOLITAN, INC., A&J
CARE, INC., AMERICAN HOMECARE
SUPPLY, LLC, COPD SERVICES, INC.,
DENMARKS HOME MEDICAL EQUIPMENT,
INC., GENOX HOMECARE, INC., HOME
CARE SERVICES, INC., LOW SURGICAL
AND MEDICAL SUPPLY, INC., MID-
ATLANTIC HEALTHCARE, INC., MILLER
MEDICAL AND RESPIRATORY, INC.,
VANGUARD SERVICES CORP. D/B/A
VANGUARD HOME MEDICAL EQUIPMENT
AND RESPIRATORY, and YOUNG'S
MEDICAL EQUIPMENT, INC.,

        Defendants.

------------------------------------ x

UNITED STATES OF AMERICA, STATE OF
NEW YORK and COMMONWEALTH OF
MASSACHUSETTS,

        Plaintiff-Intervenors,

    v.

LANDAUER METROPOLITAN, INC., A&J
CARE, INC., AMERICAN HOMECARE



12 Civ. 6384 (AJN)

**STIPULATION AND ORDER OF
SETTLEMENT AND RELEASE
BETWEEN THE UNITED STATES
AND RELATOR**

NOV 1 6 2018

SUPPLY, LLC, COPD SERVICES, INC., :
DENMARKS HOME MEDICAL EQUIPMENT, :
INC., GENOX HOMECARE, INC., HOME :
CARE SERVICES, INC., LOW SURGICAL :
AND MEDICAL SUPPLY, INC., MID- :
ATLANTIC HEALTHCARE, INC., MILLER :
MEDICAL AND RESPIRATORY, INC., :
VANGUARD SERVICES CORP. D/B/A :
VANGUARD HOME MEDICAL EQUIPMENT :
AND RESPIRATORY, and YOUNG'S :
MEDICAL EQUIPMENT, INC., :

        Defendants.           x

------------------------------------

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Settlement Stipulation") is entered into between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York (the "United States"), and relator George Paez ("Relator"), through their authorized representatives (collectively the "Parties");

WHEREAS, on or about August 21, 2012, Relator initiated this action by filing a complaint under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, alleging that Defendants had engaged in various fraudulent practices in connection with billing Medicare and Medicaid for durable medical equipment ("DME") and related services;

WHEREAS, on or about August 16, 2013, certain of the twelve Defendants filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (*see In re: Landauer Healthcare Holdings, Inc.*, 13-12098 (D. Del.); *In re: Landauer-Metropolitan, Inc.*, 13-12099 (D. Del.); *In re: Miller Medical & Respiratory, Inc.*, 13-12100 (D. Del.); *In re: COPD Services, Inc.*, 13-12101 (D. Del.); *In re: American Homecare Supply New York, LLC*, 13-12102 (D. Del.); *In re:*

2

*American Homecare Supply Mid-Atlantic LLC*, 13-12103 (D. Del.); *In re: Denmark's LLC*, 13-12104 (D. Del.); *In re: Genox Homecare, LLC*, 13-121-5 (D. Del.) (collectively, the "Bankruptcy Matters")), and the other defendants ceased business operations around the same time;

WHEREAS, on or about February 7, 2014, the United States filed a notice of partial intervention (the "United States Intervention Notice") in this matter as against all Defendants, specifically as to Relator's allegation that Defendants violated the False Claims Act by submitting false claims to the Medicare and Medicaid programs for DME purportedly provided to beneficiaries who were, in fact, deceased (the "Covered Conduct");

WHEREAS, on or about February 12, 2014, the United States filed a proof of claim in each of the Bankruptcy Matters (the "United States Bankruptcy Claim"), asserting damages and penalties under the False Claims Act for the Covered Conduct;

WHEREAS, on or about September 4, 2018, Honorable Christopher Sontchi, the Judge presiding over the Bankruptcy Matters, issued an Order granting a motion to approve a stipulation of settlement (the "Settlement Agreement") filed by the United States and the Chapter 11 Liquidating Trustee on behalf of the Defendants (the "Trustee") in the Bankruptcy Court, which provides for a cash payment of $270,000 (the "Settlement Amount") to be paid by the Trustee to the United States as full satisfaction of the United States Bankruptcy Claim;

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), he is entitled to receive a portion of the Settlement Amount paid to the United States (the "Relator's Claim"); and

3

WHEREAS, the Parties hereto mutually desire to reach a full and final compromise of the Relator's Claim for a portion of the Settlement Amount paid by the Trustee to the United States, pursuant to the terms set forth below,

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Settlement Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of the Settlement Amount, and within a reasonable time period thereafter, the United States will pay $62,100 (the "Relator's Share") to the Relator. The United States shall pay the Relator's Share by electronic funds transfer. The United States' obligation to pay the Relator's Share is expressly conditioned on, and arises only with, the receipt by the United States of the Settlement Amount as set forth in the Settlement Agreement. In the event that the United States does not receive any portion of the Settlement Amount, the United States shall have no obligation to pay the Relator's Share to the Relator.

2. Relator agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not object to the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B), and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

3. Conditioned upon Relator's receipt of the Relator's Share, Relator, for himself and his heirs, successors, attorneys, agents and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents, from any claims pursuant to 31 U.S.C. § 3730 for a share of the Settlement Amount, and

from any and all claims against the United States, and its agencies, officers, employees, servants, and agents, arising from or relating to the allegations asserted by the Relator in this action or the Covered Conduct. In the event the Trustee does not pay the Settlement Amount, and as a result the Relator does not receive the Relator's Share, the Relator reserves his right pursuant to 31 U.S.C. § 3730(d)(l) to seek a portion of any proceeds recovered by the United States in this matter.

4. This Relator Settlement Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under U.S. Code, Title 26 (Internal Revenue Code), or any claims arising under this Relator Settlement Stipulation.

5. This Relator Settlement Stipulation shall be null and void if the Settlement Agreement is voided, including if a court holds that the Settlement Agreement is not fair, adequate, and reasonable pursuant to 31 U.S.C. § 3730(c)(2)(B).

6. This Relator Settlement Stipulation shall inure to the benefit of and be binding on only the Parties, their successors, assigns, and heirs.

7. This Relator Settlement Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Settlement Stipulation shall be governed by the laws of the United States. The United States and the Relator agree that the exclusive jurisdiction and venue for any dispute arising under this Stipulation shall be the United States District Court for the Southern District of New York.

9. This Relator Settlement Stipulation constitutes the entire agreement of the United States and Relator with respect to the subject matter of this Relator Settlement Stipulation and

5

may not be changed, altered, or modified, except by a written agreement signed by the United States and Relator specifically referring to this Relator Settlement Stipulation.

10. This Relator Settlement Stipulation is effective on the date that it is entered by the Court.

11. This Relator Settlement Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: New York, New York
September 26, 2018

Geoffrey S. Berman
United States Attorney
*Attorney for Plaintiff-Intervenor*
*United States of America*

By: /s/ Cristine Irvin Phillips
CRISTINE IRVIN PHILLIPS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone No. (212) 637-2696
cristine.phillips@usdoj.gov

6

Dated: New York, New York     *Relator*
~~September~~ 2, 2018
October

_____
GEORGE PAEZ

Dated: New York, New York     *Attorney for Relator*
~~September~~ 2, 2018
October

By: _____
Margaret J. Finerty, Esq.
Getnick & Getnick LLP
521 Fifth Avenue, 33rd Floor
New York, NY 10175
Telephone No. (212) 376-5666
mfinerty@getnicklaw.com

SO ORDERED:

_____
THE HONORABLE ALISON J. NATHAN
United States District Judge

Date: 11/15/18